Prepared by:
PAUL D. POST
Sup. Ct. No. 08456
Attorney for Debtors
5897 SW 29th Street
Topeka, Kansas  66614
(785) 273-1353
(785) 273-1301 fax
Email:  paulpost@paulpost.com

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

IN RE: RAYMOND EUGENE BIXBY,                              Case No. 14-40599
       JANICE ELAINE BIXBY,                                    Chapter 13
           Debtors,

**OBJECTION TO COREFIRST BANK AND TRUST'S REQUESTS FOR
FOR DEBTORS TO FILE TAX RETURNS AND STATEMENT OF INCOME AND
EXPENDITURES WITH COURT AND MOTION FOR ACCESS TO SAME**

**COMES NOW** the debtors, Raymond and Janice Bixby, and hereby object to CoreFirst Bank and Trust's Request for Debtors to File Tax Returns and Statement of Income and Expenditures with the Court and Motion to Be Granted Access to the Same (doc. 43).  In support of this objection, debtors show the Court as follows:

1.  Debtors incorporate herein by reference the objection, statements, arguments and authorities filed by the Chapter 13 Trustee in this case (doc. 47).

2.  Mr. and Mrs. Bixby are below median income debtors.  Mr. Bixby's income is Social Security retirement of $1,061 per month.  Mrs. Bixby works as a bank teller with a gross pay of $2,259.83 according the Schedule I filed with the case, and a net amount of $1,501.43.  Debtors reported $400.00 of "rental income" from a mobile home that is located on their homestead property, but an adult daughter actually resides there, and Debtors use that money in part to pay their mortgage payment to Green Tree Servicing L.L.C.  Debtors are not in the "rental business." Further, Debtors

have apparently fallen behind on their Green Tree payments, with Green Tree filing a motion for stay relief (doc. 45). Debtors objected thereto (doc. 48), but if, in fact, the mortgage payments are behind, this will most likely result in the case becoming a conduit.

3. The unsecured debt owed CoreFirst is $2,949.39, which according to the Trustee is 9.19% of all filed unsecured claims.

4. CoreFirst is apparently seeking tax returns for the years prior to the filing of this case, which the Debtors provided to the Trustee when the case was filed. CoreFirst, however, did not appear at the 341 meeting of creditors, did not object to plan confirmation, and thus is bound by the confirmation order. Debtors suggest that if CoreFirst really has need for this information, it would have attended the 341 meeting of creditors to ask questions about the Debtors income sources and their household expenses. It did not do this. In fact, it did nothing prior to confirmation, other than file its claim. This belies the statement by CoreFirst that it cannot obtain this information from other sources. It certainly could have obtained additional information, had it thought necessary to do so, by attending the 341 meeting, which it did not do. It had and continues to have available to it the income statements filed with the case at inception. It is doubtful that any of this information has significantly changed since the case was filed less than nine months ago. Further, prior years' income tax returns will not show whether the Debtors' income will "increase or expenses decrease in the future" as it has alleged in its request. The past tax returns will not aid CoreFirst in filing any motion under 11 U.S.C. § 1329, since any information for that purpose would have to be based upon income information arising after confirmation.

5. Debtors have yet to file their 2014 returns. As soon as these are filed, they will provide a copy to the Trustee for his review. Debtors' counsel is certain that upon the conclusion of that review, the Trustee would request an increase in plan payments if there is any significant increase

in income. Beyond that review by the Trustee, any tax returns contain protected information, such as social security numbers, which is why these returns are not part of the public record in the initial case filing. Tax returns are required to be provided to the Trustee at the outset of the case, and this was done by Mr. and Mrs. Bixby in this case.

      6. The attorney for CoreFirst never contacted Debtors' counsel prior to filing his motion to request income and expense information or any other information that might have assisted CoreFirst in its supposed quest for such information that it believes it is entitled to in order to protect its interests and determine whether future payments might be subject to increase under §1329. For example, counsel for CoreFirst could have easily sent an email to Debtors' counsel inquiring as to whether either Debtor had any income or expense changes. He did not do this.

      7. The request for an income and expense statement is unreasonable for the reason that the Schedules I and J filed in this case are less than nine months old. Again, it is doubtful that there would be any significant or meaningful changes in the Debtors' monthly income or expenses on account of that short lapse of time. This request is also burdensome to the Debtors and would most likely not result in any different information than that which was reported in the original Schedules I and J filed at the inception of this case.

      **WHEREFORE**, Debtors' request that the request and motion of CoreFirst be denied, and for such other and further relief as the Court deems just and equitable.

                                          *s/ Paul D. Post*
                                          PAUL D. POST

## CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing Objection was filed electronically on February 24, 2015, with the United States Bankruptcy Court for the District of Kansas and was served on parties in interest via e-mail by the Court pursuant to CM/ECF as set out on the Notice of Electronic Filing as issued by the Court.

                                      *s/ Paul D. Post*
                                      PAUL D. POST